(Judge Niman of the 8th circuit sitting in place of Judge Shields.)

Massillon Iron & Steel Co. v. John Wiegand.

1. **Evidence as to Changes Made After Accident Competent to Define.**

   Permitting safety of appliances a witness to reply to a question as to whether changes were not made after the accident in the appliances in which plaintiff was injured is not erroneous, where the court expressly admonishes the jury that the answer is to be considered only for the purpose of testing the accuracy and weight of the opinion given by the witness, a foreman, as to the safety of these appliances.

2. **Assignment by Foreman of Servant to Superintend Setting up Appliance is not a Delegation of Responsibilities of Former to Relieve Employer from Negligence of Foreman.**

   A foreman by appointing an inferior to superintend the setting up of an appliance does not relieve the employer from responsibility for negligence in the discharge of the duties of such foreman so as to charge such inferior with the fault of setting up the device in an improper or unsafe manner; hence an instruction that such servant would not be a fellow servant with his colaborers but a foreman is inapplicable and properly refused.

3. **Unfamiliar Surroundings and Dangerous Proximity to Defective Apparatus Coming in Contact with Simple Appliance Constructed not Chargeable against Servant Injured in Setting up Appliance.**

   An employe engaged in superintending the setting up of a heavy appliance in an iron and steel mill, in a place with which he was not familiar, and within such close proximity to the place of operation of a traveling crane and shaker that it was likely to and did come in contact with such appliance, causing it to fall and injure him, notwithstanding the construction and appliances were simple, does not come within the rule applying to cases of ordinary labor with tools of simple construction with which the servant is familiar and understands and comprehends as fully as the master, and a request to instruct the jury, that such employe would not be a fellow servant with his colaborers but would stand in the same relation as a foreman, is properly refused.

4. **Equipoise Doctrine Charged.**

   An instruction, that "whenever all the evidence upon a disputed point is in equipoise, the party who affirms the fact has failed to prove it," sufficiently instructs the jury upon what is termed "the equipoise doctrine."

Iron & Steel Co. v. Wiegand.

**5. Failure to Request Instruction Precludes Complaint for Failure of Court so to Charge.**

Failure of defendant to request the court to charge that if both plaintiff and defendant were negligent and the negligence of both contributed to produce the injury and plaintiff would have no right to recover, precludes the defendant from claiming error for failure of the court so to instruct if the charge given be unexceptionable.

**6. Verdict of $8,000 not Excessive for Injuries Crippling Molder for Life.**

A verdict of $8,000 in favor of a molder by trade, who is crippled for life and suffers and must continue to suffer pain, and who was receiving $3.10 a day at the time of the accident and could earn only $1.10 at the time of the trial, is not so excessive as to appear to have been given under the influence of passion or prejudice.

ERROR to common pleas court.

*Welty & Albaugh,* for plaintiff in error.

*Pomerene, Ambler & Pomerene, I. H. Taylor* and *George Bratsch,* for defendant in error:

Cited and commented upon by the following authorities: *Turner* v. *Cincinnati,* 5 Dec. 97 (7 N. P. 331); *Coal Co.* v. *Estievenard,* 53 Ohio St. 43 [40 N. E. Rep. 725]; *Neifeld* v. *State,* 13-23 O. C. C. 246 (3 N. S. 551); *Ohio & Ind. Torpedo Co.* v. *Fishburn,* 61 Ohio St. 608 [56 N. E. Rep. 457; 76 Am. St. Rep. 437]; *State* v. *Terminal Co.* 24 O. C. C. 321 (1 N. S. 513); *Ohio Oil Co.* v. *McCrory,* 7 Circ. Dec. 344 (14 R. 304); *Sell* v. *Ernsberger,* 4 Circ. Dec. 100 (8 R. 499); 1 Elliott, Evidence Sec. 25, p. 815; Jones, Evidence Secs. 361, 362; Wigmore, Evidence Secs. 1974, 1975; *Baltimore & O. Ry.* v. *Schultz,* 43 Ohio St. 270 [1 N. E. Rep. 324; 54 Am. Rep. 805]; *Little Miami Ry.* v. *Stevens,* 20 Ohio 416; *Cleveland, C. & C. Ry.* v. *Keary,* 3 Ohio St. 202; *Mad River & L. E. Ry.* v. *Barber,* 5 Ohio St. 541 [67 Am. Dec. 312]; *Whaalan* v. *Railway,* 8 Ohio St. 250; *Pittsburg, Ft. W. & C. Ry.* v. *Devinney,* 17 Ohio St. 198; *Pittsburg, Ft. W. & C. Ry.* v. *Lewis,* 33 Ohio St. 196; *Lake Shore & M. S. Ry.* v. *Lavalley,* 36 Ohio St. 221; *Railway* v. *Margrat,* 51 Ohio St. 130 [37 N. E. Rep. 11]; *Hartman* v. *Kloeppinger,* 6 Circ. Dec. 393 (9 R. 433); *Toomey* v. *Stamping Co.* 11 Circ. Dec. 216 ( 20 R. 183); *Lake Shore & M. S. Ry.* v. *Feller,* 11 Circ. Dec.

799 (21 R. 605); *Andrews Bros. Co.* v. *Burns,* 12 Circ. Dec. 305 (22 R. 437); *Spieker* v. *Ferguson,* 25 O. C. C. 671 (7 N. S. 13); *Chicago & Ohio Coal & Car Co.* v. *Norman,* 49 Ohio St. 598 [32 N. E. Rep. 857]; *Wellston Coal Co.* v. *Smith,* 65 Ohio St. 70 [61 N. E. Rep. 143; 55 L. R. A. 99; 87 Am. St. Rep. 547]; *Davis* v. *Turner,* 69 Ohio St. 102 [68 N. E. Rep. 819]; *Columbus, H. V. & T. Ry.* v. *Shannon,* 2 Circ. Dec. 644 (4 R. 449); *Jones* v. *Pipe Co.* 8 Circ. Dec. 168 (15 R. 26); *Strabler* v. *Bridge Co.* 11 Circ. Dec. 87; *McGill* v. *Traction Co.* 79 Ohio St. 203 [86 N. E. Rep. 989; 19 L. R. A. (N. S.) 793; 128 Am. St. Rep. 705]; *Cleveland, C. C. & St. L. Ry.* v. *Hadley,* 170 Ind. 204 [82 N. E. Rep. 1025; 84 N. E. Rep. 13; 16 L. R. A. (N. S.) 527; 16 Ann. Cas. 1].

## NIMAN, J.

The parties to this proceeding in error stand in the reverse order to that occupied by them in the court of common pleas, and when the terms "plaintiff" and "defendant" are used, reference is made to the parties as they stood in the court below.

The original action was brought by the plaintiff to recover damages for personal injuries suffered by him while in the employ of the defendant on March 9, 1906, and resulted in a verdict in his favor for $8,000. The defendant's motion for a new trial having been overruled, and judgment entered on the verdict, it is sought in this proceeding to secure a reversal of the judgment of the court of common pleas.

Numerous errors are assigned in the petition in error, and among others it is urged by the plaintiff in error that the verdict is not sustained by sufficient evidence, and that the trial court erred in overruling the motion for a new trial. This contention requires a consideration of the facts constituting the plaintiff's cause of action and the proof in support thereof, as well as the defense interposed by the defendant and the evidence in support of such defense.

The plaintiff, in his amended petition, in substance alleges that he was in the employ of the defendant on or about March 9, 1906, in the defendant's plant in the city of Massillon; that on said day he was directed by a foreman of the defendant to go from a part of said plant where he was then working, and

had been in the habit of working in the business of molding, to another part of said plant with which he was not familiar as a place to work, and there, with others, erect and construct a large and heavy cope and flask; that the cope weighed at least five tons and was used by the defendant for the purpose of casting iron flasks made by the defendant; that he was directed by said foreman to construct said cope upon four upright pillars called "reducers," and to place upon said reducers iron rails, upon which he and other employes were instructed by said foreman to place said cope for the making of iron pipe; that the plaintiff, obeying and relying upon the instructions and orders of said foreman, proceeded to the point designated to carry out said instructions and orders, and was so engaged in the business of carrying out said instructions and orders, and in constructing and erecting said cope upon the reducers and rails as aforesaid, and doing the work in and about the same, and relying upon said foreman, and believing that the place wherein he was so directed to go and was so engaged in said work was a safe and secure place wherein he could, with safety, carry on said work, and that the said four upright pillars called reducers, and the said iron rails upon which the plaintiff was directed and instructed to place said cope, were reasonably safe materials and appliances for said places, proceeded to place said cope upon the iron rails and reducers aforesaid as furnished by said foreman, and proceeded to do the work in and about the same, and as directed by said foreman; that while he was so engaged, a large and heavy crane was being operated near thereto, and large and heavy flasks, weighing at least three and a half tons, belonging to said defendant and used by it in the operation of said plant were, by order of the defendant, shaken out in the pit adjoining and near to the place where plaintiff was so engaged, and said flasks were being moved from place to place, and by reason of the shaking out of said heavy and ponderous flask containing iron pipe, and the same striking the ground at and near said pit, and said flasks being moved and let fall upon iron skids and other supports near thereto, and by reason thereof causing a vibration and shaking of said ground, and by reason of said

shaking out of said flasks and moving and letting same fall, and thereby causing a vibration and shaking of the ground near the place where the said cope was being constructed, and by reason of the fact that said reducers and said rails were unsafe and unfit for said purposes, the aforesaid cope upon which the plaintiff was then working under said direction of said foreman, was caused to slide from the iron rails and from the reducers as aforesaid, and was precipitated over upon and against the plaintiff.

The plaintiff, in his amended petition, further avers that a part of the machinery in said shop consists of a heavy electric crane, which is used in the moving, among other things, of the heavy wooden and iron flasks and castings, and in shaking the same out; that said flasks and castings variously weighed from three to six tons or more; that in the usual operation of said crane in moving said flasks and castings, the same necessarily swayed and vibrated, all of which was well known to the defendant company, its officers and servants superior to the plaintiff; that the defendant, its officers and servants superior to the plaintiff, were negligent towards the plaintiff in that, while knowing said facts, they placed the said cope and track upon insecure supports as aforesaid, and within such close proximity to said traveling crane and the space within which it was necessary to operate the same, that the flask and castings, while being moved by said crane, were likely to and did come in contact with said cope, and while plaintiff was working in, upon and around and about said cope and track, and in the exercise of proper care on his part, and while said crane was being operated and was moving, a heavy flask, weighing about six tons, did so sway and vibrate as aforesaid, and one end thereof came in contact with a pillar, which turned said flask about, and the other end thereof came in contact with the cope upon which and near which plaintiff was then working as aforesaid, and threw the same down and upon the plaintiff; that the defendant, through its officers and servants superior to the plaintiff, negligently selected the place where the said plaintiff was working, and directed him to work there, well knowing that the same was insecure and unsafe be-

Iron & Steel Co. v. Wiegand.

cause it was in too close proximity to said crane and the operation thereof, and the plaintiff says that by reason thereof and the other acts of negligence complained of, he was injured in the manner and form as herein averred.

Other allegations are set forth in the amended petition at considerable length, for the purpose of showing the alleged negligence of the defendant and the plaintiff's consequent injury. Reduced to its simplest form, the plaintiff's case, in substance, rests upon the contention that the defendant failed to use ordinary acre to furnish plaintiff with a reasonably safe place in which to do the work required of him, and reasonably safe appliances with which to do such work.

The defendant, in its answer to the plaintiff's amended petition, in substance, denied all of the alleged acts of negligence on its part, and further averred that at the time of the plaintiff's injury, and for more than five years prior thereto, the said plaintiff was in the employ of the said defendant as a molder, and was otherwise engaged by the defendant in its business; that he was thoroughly familiar with the works and machinery of said defendant, and with the construction of flasks and appliances of the said defendant; that part of the time during his said employment, he was the foreman in the construction of flasks and other appliances of said defendant, and that on or about March 9, 1906, the said plaintiff had in charge a gang of men, employes of the said defendant, who were under the orders and direction of the said plaintiff in and about the construction of certain flasks to be used by the said defendant in its said business; that the plans for the construction of said flasks were made by the said plaintiff, with the assistance of other persons who were under the said plaintiff's charge, and under his orders and direction; that the plans for the pillars and the selection of said pillars, the cope and the track, and all other things necessary for the construction of said flasks, were formulated and made by said plaintiff and said employes under his orders and direction; that the foundation upon which said flask and the parts thereof were constructed and rested was made under the orders and direction of the said plaintiff, as well as

the position which the parts of said flask occupied thereon at the time of said accident.

Further averments are made in said answer to the effect that it was the duty of the plaintiff himself to construct a proper foundation upon which said flask was placed and rested, as well as the selection of the pillars upon which said foundation was placed, and that it was his further duty to so place said foundation as to secure the safety of himself as well as other employes, and that whatever defects there were, if any, in the plans and construction of said flask, which produced the injury of said plaintiff, were the direct result of the plaintiff's own carelessness and negligence, and not that of the defendant, and that if the appliances described in the amended petition were unsafe and unfit for the purpose for which they were intended, and that by reason thereof the plaintiff was injured as alleged, is due to his own carelessness and negligence.

The affirmative allegations of this answer were contradicted by the plaintiff's reply thereto, and to support their respective sides of the issues thus made up, the parties called numerous witnesses, and a large mass of testimony was taken.

Without entering into any extended review of the evidence, it is sufficient for us to say that a careful reading of all the testimony convinces us that this court would not be justified in saying that the verdict was manifestly and clearly against the weight of the evidence.  Upon the issues presented by the pleadings, there was a conflict of the evidence, and the jury found for the plaintiff.

The rule which should control reviewing courts in interfering with a verdict because not sustained by sufficient evidence, is stated in a part of the syllabus of *McGatrick* v. *Wason,* 4 Ohio St. 566, in the following language:

"A mere difference of opinion between the court and the jury does not warrant the former in setting aside the finding of the latter; that would be, in effect, to abolish the institution of juries, and substitute the court to try all questions of fact. It must be clear that the jury has erred before a new trial will be granted on the ground that the verdict is against the weight of

Iron & Steel Co. v. Wiegand.

the evidence, or unsupported by it; and if this is the rule, as it undoubtedly is, even in the court where a cause is tried and before whom the witnesses appeared and testify, *a fortiori*, ought it to be the rule, when another court decides the motion for a new trial, with no other knowledge of the facts than is derived from the imperfect medium of a written statement?''

We think that the trial court, therefore, did not err in refusing to grant a new trial on the ground that the verdict is not sustained by sufficient evidence.

Another assignment of error is based upon the fact that on the cross-examination of William Thee, one of the defendant's witnesses, the plaintiff was permitted, against the objection of the defendant, to inquire of him, in substance, whether or not changes had been made immediately after the accident in the reducers and other appliances for doing the work in which the plaintiff was injured. The witness was the foreman of the defendant, and had in his testimony expressed the opinion that the reducers and rails were proper appliances to use for setting up a cope, if they were properly put down, and the court permitted the question objected to to be answered, but expressly limited its purpose in the following language addressed to the jury:

''I say now to the jury, that this testimony is considered only for the purpose of testing the accuracy and weight of the opinion given by the witness as to the safety of these appliances.''

Testimony of this character would not have been admissible for the purpose of proving the acts of negligence complained of by the plaintiff, nor for the purpose of raising an inference of an admission of such negligence, but as limited in its scope and purpose by the trial court, we think it was properly admitted, and that it falls within the spirit of the decision in *Ashtabula* v. *Bartram,* 2 Circ. Dec. 372 (3 R. 640).

It is also contended that there was prejudicial error in the refusal of the trial court to give the seventh request of the defendant to charge before argument. This request is in the following language:

''If you find from the evidence that William Thee, the fore-

man of the molding room, assigned to the plaintiff, John Weigand, the duty of superintending and directing the several men in the work while working with him in the work he was doing at the time he was injured, and whilst so engaged in said work he, plaintiff, is injured, as set forth in his petition, and because of either or any of the negligent acts of defendant, as set forth in his petition, I will say to you that, under such circumstances, the plaintiff would not be a fellow-servant with his colaborers on said job of work, but would stand in the same relation to them as William Thee, the foreman, and he could not recover herein and your verdict should be for the defendant.''

It is claimed that the law embodied in this request is sustained by *Wellston Coal Co.* v. *Smith*, 65 Ohio St. 70 [61 N. E. Rep. 143; 55 L. R. A. 99; 87 Am. St. Rep. 547], but as we interpret that decision, the real point established therein is that a foreman of an employer cannot delegate his duties to one under his employ so as to relieve the employer from responsibility for negligence in the discharge of the duties of the foreman, whether such negligence arises from the acts or omissions of the foreman, or of some one under his employ and by him directed to perform the duties of such foreman, and that the foreman is chargeable with whatever notice such a person so delegated by him has, or ought to have, while performing the duties of foreman himself. Moreover, we think the charge requested is not applicable to the facts and issues involved in this action. We do not understand that the fellow-servant doctrine is involved in this case, and if it were, the charge requested would not be applicable. We understand the claim to be that plaintiff had been delegated by his superior to act as foreman in setting up the appliances with which he was working when injured, and therefore, was himself guilty of negligence if they were placed or constructed in any improper or unsafe manner. In this view of the matter, the refusal of the trial court to give the request under consideration was proper.

It is also claimed by the plaintiff in error that the court erred in certain portions of his charge in not adhering to the principles of law laid down in *Cincinnati, H. & D. Ry.* v. *Frye,*

80 Ohio St. 289 [88 N. E. Rep. 642; 131 Am. St. Rep. 709], where it was held that "in an action by an employe against his employer to recover damages for personal injuries, an instruction that the employer owed to his employe the duty to provide him a reasonably safe place in which to work, is erroneous, in that it imposes upon the employer a higher degree of care than the law requires or exacts of him, and that the limit of the employer's obligation and duty is to exercise reasonable and ordinary care, having due regard to the hazards of the service, to provide his employe with a safe place in which to perform his work."

An examination of the charge, however, discloses that where the court used the language complained of by counsel for plaintiff in error, he was merely stating the alleged negligence set forth in the plaintiff's petition, and was, in substance, following the language of the petition in stating the issues; but that in stating he law to the jury, the court exactly folowed the law as laid down in said case, using this language:

"The limit of defendant's obligation and duty to plaintiff in that behalf was to exercise reasonable and ordinary care, having due regard to the hazards of the service in which plaintiff was then engaged ,to provide him with a safe place in which to work, and reasonably safe appliances and materials with which to do said work. It was not bound to provide the best and the most improved applianecs and materials, but only to exercise ordinary care to provide such as were reasonably fit for the purpose."

There was, therefore, no error in this portion of the charge.

It is claimed by the plaintiff in error that it was prejudiced by the alleged failure of the court to properly charge what is termed "the equipoise doctrine," and it is said that this error is shown by the following language of the court:

"But if you find that plaintiff has proven, by a preponderance of the evidence, that defendant was negligent in any or all of the respects heretofore stated to you as the specific acts of negligence complained of, and that such negligence on the part of defendant was the proximate cause of such injury, and no

inference of contributory negligence upon his part arises from the evidence introduced by him in support of his case, and such contributory negligence on his part is not proven by defendant by a preponderance of the evidence, as hereinafter stated, then you should return a verdict against the defendant for compensatory damages.''

It is argued that the defendant might not have made out its defense by a preponderance of the evidence, but yet that evidence, taken in connection with the evidence of the plaintiff, might have been sufficient to have placed the evidence in equipoise, and if so, the verdict should have been for the defendant, and that the defendant was deprived of this right by the language of tch charge above quoted.

This contention overlooks another portion· of the charge where the court, in defining the term ''preponderance of the evidence,'' used this language:

''By a preponderance of the evidence, I mean the weight of the evidence. Generally speaking, whoever affirms a fact must prove it, and whenever all the evidence upon a disputed fact is in equipoise, the party who affirms the fact has failed to prove it.''

Considering that part of the charge under consideration, to which objection is made, in connection with the court's statement of the equipoise doctrine, we are of opinion that no error was committed by the court in the respect claimed.

Another alleged error in the charge of the trial court is based upon the contention that the court deprived the defendant of the doctrine laid down in *Drown* v. *Traction Co.* 76 Ohio St. 234 [81 N. E. Rep. 326; 10 L. R. A. (N. S.) 421; 118 Am. St. Rep. 844], where it was held:

''Where both the plaintiff and the defendant were negligent, and the negligence of both directly contributed to produce the injury, the plaintiff has no right to recover; and in such case, when the defendant asks the court to so instruct the jury in unambiguous terms, a refusal to so instruct is error.''

While the court did not, in express terms, charge the law of the last above-mentioned case, he did very fully charge that

Iron & Steel Co. v. Wiegand.

if the plaintiff failed to prove by a preponderance of the evidence that the defendant was guilty of negligence in the respects complained of, or some one of them, and that such negligence was the proximate cause of the plaintiff's injury, there could be no recovery; and that if the evidence introduced by the plaintiff raised a presumption of contributory negligence on his part, and he had failed to remove such presumption, or that the plaintiff's injury was caused wholly by an accident without the fault of any one, or was caused by the plaintiff's own negligence alone, and not by the negligence of the defendant, or that in the event the defendant had proved by a preponderance of the evidence that plaintiff was himself guilty of negligence which contributed directly as a proximate cause of his own injury, then the verdict should be for the defendant.

If the defendant had requested the court to charge that if both the plaintiff and the defendant were negligent, and the negligence of both directly contributed to produce the injury, the plaintiff would have no right to recover, it would have been the duty of the court to give such charge; but no such request was made, and we think the principle of *Smith* v. *Railway*, 23 Ohio St. 10, should control in this matter. It was there held:

"If the charge as given be unexceptionable, it is no ground for error that the court failed to give other instructions which might properly have been given, unless such other instructions be specifically requested and refused."

It is claimed by the plaintiff in error that the trial court erred in no applying to this acse the doctrine of *McGill* v. *Traction Co.* 79 Ohio St. 203 [86 N. E. Rep. 989; 19 L. R. A. (N. S.) 793; 128 Am. St. Rep. 705], where it was held as follows:

"The rule that a direction of the master to continue the use of a defective instrument or tool, coupled with a promise to replace it with one not defective, relieves the servant from the doctrine of assumed risk if injured during such continued use and because of the defect, does not apply to cases of ordinary labor with a tool of simple construction with which the servant is entirely familiar, and which he understands and comprehends as fully as the master."

If this principle is applicable to the case under consideration, the verdict would be contrary to law, and it is so contended by plaintiff in error. It is argued that the appliances in this case and the reducers and the rails were as simple in their construction and application as the stepladder in the case above referred to, and that the plaintiff could see and know as much about them and the manner of their use as could the defendant.

We think that the trial court was justified in not accepting this contention, in view of the allegations of the petition and the proof in support thereof concerning the traveling crane and the shaking outfit, the new place in which the work was being done, and all of the other circumstances surrounding the construction and use of the reducers, iron rails and other appliances. There would seem to be a wide difference between the means employed in doing the work in which the plaintiff was engaged, in the surroundings and in the location shown by the evidence, and the defective instrument which caused the injury to the plaintiff in *McGill* v. *Traction Co. supra,* and we therefore hold that there was no error in the refusal of the trial court to apply the doctrine of that case to this one.

Another assignment of error is founded on the contention that the verdict is excessive.

It appears that at the time of his injuries, the plaintiff was a molder by trade and was receiving $3.10 a day; that at the time of the trial, and for some time before, he had been receiving only $1.10 a day; the according to the undisputed evidence, he has been crippled for life, and has suffered and will continue to suffer pain. While the verdict is large, we are unable to say that it is so excessive as to appear to have been given under the influence of passion or prejudice.

Numerous cases have been cited us where parties apparently suffering no greater injuries than that sustained by the plaintiff, have obtained verdicts in excess of the verdict recovered by him, which have been sustained by reviewing courts.

The principle which we conceive should be adhered to in interfering with a verdict on the ground that it is excessive, is

Iron & Steel Co. v. Wiegand.

stated in *Lake Shore & M. S .Ry.* v. *Schultz,* 9 Circ. Dec. 816 (19 R. 639), in the following language:

"A verdict should not be set aside simply because it is excessive in the mind of the court, but only when the excess is shocking to a sound judgment and a sense of fairness to the defendant. Where there is any margin for a reasonable difference of opinion in the matter, the view of the court should yield to the verdict of the jury rather than the contrary."

Various other errors are assigned in the petition in error, but the ones herein considered are those relied upon by counsel for plaintiff in error in their argument and briefs for a reversal.

We find no error prejudicial to the plaintiff in error in any of the matters complained of, and it therefore follows that the judgment of the court of common pleas must be affirmed.

**Voorhees** and **Powell, JJ.,** concur.